# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VANESSA LYN EDWARDS,

        Plaintiff,

v.                                                                                CIV 17-0438 KBM

NANCY A. BERRYHILL,
Acting Commissioner of Social
Security Administration,

        Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand to Agency, with Supporting Memorandum (*Doc. 20*), filed on September 29, 2017. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. *See Docs. 3, 7, 11.* Having considered the record, submissions of counsel, and relevant law, the Court finds Plaintiff's motion is well-taken and will be granted.

**I. Procedural History**

Vanessa Lyn Edwards ("Plaintiff") protectively filed an application with the Social Security Administration for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act on June 19, 2013. Administrative Record[1] (AR) at 135-39, 59. Plaintiff alleged a disability onset date of March 1, 2013. AR at 135. Disability Determination Services concluded that Plaintiff was not disabled both initially (AR at 48-

---

[1] Document 15-1 contains the sealed Administrative Record. *See Doc. 15-1.* The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

58) and on reconsideration (AR at 61-72). Plaintiff requested a hearing with an Administrative Law Judge ("ALJ") on the merits of her SSI application. AR at 89-90.

Both Plaintiff and a vocational expert testified during the *de novo* hearing. AR at 25-47. ALJ Myriam Fernandez Rice issued an unfavorable decision on October 30, 2015. AR at 8-20. Plaintiff submitted a Request for Review of Hearing Decision/Order to the Appeals Council (AR at 6-7), with additional medical evidence (AR at 5). The Council denied review on February 28, 2017 (AR at 1-3), making the ALJ's decision the final decision of the Commissioner. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

## II.     Applicable Law and the ALJ's Findings

A claimant seeking disability benefits must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 416.905(a). The Commissioner must use a five-step sequential evaluation process to determine eligibility for benefits. 20 C.F.R. § 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

The claimant has the burden at the first four steps of the process to show: (1) she is not engaged in "substantial gainful activity"; (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) her impairment(s) meet or equal one of the listings in Appendix 1, Subpart P of 20 C.F.R. Pt. 404; or (4) pursuant to the assessment of the claimant's residual functional capacity ("RFC"), she is unable to

perform her past relevant work. 20 C.F.R § 416.920(a)(4)(i)-(iv); *see also Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005) (citations omitted). "RFC is a multidimensional description of the work-related abilities [a claimant] retain[s] in spite of her medical impairments." 20 C.F.R. § 404, Subpt. P, App. 1 § 12.00(B); *see also* 20 C.F.R. § 416.945(a)(1). If the claimant meets "the burden of establishing a prima facie case of disability[,] . . . the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient . . . RFC to perform work in the national economy, given [her] age, education, and work experience." *Grogan*, 399 F.3d at 1261 (citing *Williams v. Bowen*, 844 F.2d 748, 751 & n.2 (10th Cir. 1988) (internal citation omitted)); *see also* 20 C.F.R. § 416.920(a)(4)(v).

At Step One of the process, ALJ Rice found that Plaintiff "has not engaged in substantial gainful activity since June 19, 2013, the application date." AR at 13 (citing 20 C.F.R. §§ 416.971-416.976). At Step Two, the ALJ concluded that Plaintiff "has the following severe impairments: borderline personality disorder; posttraumatic stress disorder; an anxiety disorder; depression; and substance addiction disorder in remission." AR at 13 (citing 20 C.F.R. § 416.920(c)). The ALJ noted that Plaintiff also has the non-severe impairments of synovitis of the hands, hypothyroidism, migraine headaches, and obesity. AR at 13.

At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." AR at 34 (citing 20 C.F.R. §§ 416.920(d), 416.925, 416.925, 416.926). In making her determination, ALJ Rice considered the criteria of listings 12.04, 12.06, 12.08, and 12.09, and whether

3

Plaintiff's mental impairments met the "paragraph B" criteria. AR at 14. The ALJ found that Plaintiff has moderate restrictions in her activities of daily living, in social functioning, and with concentration, persistence, and pace. AR at 14. Further, the ALJ found that Plaintiff has experienced no episodes of decompensation of extended duration. AR at 14. Because the ALJ did not find that Plaintiff has at least two "marked" limitations or one "marked" limitation and "repeated" episodes of decompensation, she determined that Plaintiff's mental impairments do not satisfy the "paragraph B" criteria. AR at 14. The ALJ also determined that Plaintiff does not meet the "paragraph C" criteria. AR at 14.

The ALJ concluded that while Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[,] . . . [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible . . . ." AR at 15. The ALJ considered Plaintiff's medical records from January 2013 to August 2014, a consultative psychological evaluation from Dr. Gzaskow, State Agency medical consultant evaluations, and a mental status examination from Dr. Baca. Ultimately, the ALJ found that Plaintiff

> has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The [Plaintiff] is able to maintain, understand and remember simple work instructions with occasional changes in work setting, but limited to occasional interaction with the public and co-workers.

AR at 15.

At Step Four, ALJ Rice concluded that Plaintiff is unable to perform any past relevant work. AR at 19 (citing 20 C.F.R. § 416.965). Finally, at Step Five the ALJ found that "[c]onsidering the [Plaintiff's] age, education, work experience, and [RFC], there are

4

jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," namely table worker, cleaner/polisher, and shirt folder. AR at 19-20. The ALJ ultimately determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, since June 19, 2013 . . . ." AR at 20 (citing 20 C.F.R. § 416.920(g)).

## III. Legal Standard

The Court must "review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005) (internal citation omitted)). A deficiency in either area is grounds for remand. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161, 1166 (10th Cir. 2012) (citation omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Lax*, 489 F.3d at 1084 (quoting *Hackett*, 395 F.3d at 1172 (internal quotation omitted)). "It requires more than a scintilla, but less than a preponderance." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004) (internal quotation omitted) (alteration in original)).

The Court will "consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but [it] will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Id.* (quoting *Hackett*, 395 F.3d at 1172 (internal quotation marks and quotations omitted)). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski*, 372 F.3d at 1200 (internal quotation omitted)). The

Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.'" *Id.* (quoting *Zoltanski*, 372 F.3d at 1200 (internal quotation omitted)).

## IV. Discussion

Plaintiff's sole argument for remand is that the ALJ failed to properly consider the medical opinion evidence from Dr. Michael Gzaskow, an examining physician, in determining Plaintiff's RFC. *Doc. 20* at 1. When assessing an applicant's RFC, the ALJ must consider and weigh all the medical opinions in the case record. 20 C.F.R. § 416.927(b), (c);[2] *see also* SSR 96-8P, 1996 WL 374184, at *7 (July 2, 1996). The ALJ must provide "good reasons in [her] decision for the weight [she] gave to the [physician's] opinion." *Ringgold v. Colvin*, 644 F. App'x 841, 843 (10th Cir. 2016) (citing *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007)). To completely reject a medical source's opinion, the ALJ must "give specific, legitimate reasons for doing so." *Doyal*, 331 F.3d at 764. The court cannot review the ALJ's determination if she does not provide an explanation for rejecting medical evidence. *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001); *see also Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (remanding for the ALJ to explain his decision on credibility because the ALJ just listed conclusions and not reasons for those conclusions).

While an examining source's opinion is not entitled to controlling weight, like that of a treating medical source, it is generally entitled to more weight than that of a non-examining source. 20 C.F.R. § 416.927(c)(1); *see also Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012). To determine weight, the ALJ must consider these factors:

---

[2] Because this claim was filed before March 27, 2017, 20 C.F.R. § 416.927 applies. *See* 20 C.F.R. §§ 416.927, 416.920(c).

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins*, 350 F.3d at 1301; *see also* 20 C.F.R. § 416.927(c). While the ALJ does not have to expressly apply each factor in her decision, *Oldham*, 509 F.3d at 1258, "the record must reflect that the ALJ considered every factor in the weight calculation." *Andersen v. Astrue*, 319 F. App'x 712, 718-19 (10th Cir. 2009).

Dr. Gzaskow, a psychiatrist, evaluated Plaintiff on October 2, 2013, at the request of the agency. AR at 369-75. He diagnosed Plaintiff with bipolar disorder, major depressive disorder, and posttraumatic stress disorder. AR at 373. He further opined that Plaintiff has "a difficult time relating to others . . . ," that "she can understand directions in a structured/ supportive environment, but indicated she can no longer follow through due to her psychological problems . . . ," and that "[s]he can attend to simple tasks." AR at 373.

In her decision, ALJ Rice recited Dr. Gzaskow's opinion but did not otherwise analyze it. AR at 16. The ALJ did not make any findings on what weight, if any, she afforded the opinion. Nor did she provide any discussion of the Section 416.927(c) factors to indicate how she treated the opinion. Accordingly, "[i]n the absence of the ALJ's findings supported by specific weighing of the evidence, [the Court] cannot assess whether relevant evidence adequately supports the ALJ's conclusion . . . , and whether [she] applied the correct legal standards to arrive at that conclusion." *Vergara*

7

*v. Colvin*, 535 F. App'x 687, 691 (10th Cir. 2013) (quoting *Clifton v. Charter*, 79 F.3d 1007, 1009 (10th Cir. 1996)).

The Commissioner acknowledges that "the ALJ may not have specifically enumerated the weight she gave [Dr. Gzaskow's] statements," but offers other unpersuasive explanations to try to save the ALJ's decision. *Doc. 22* at 7. First, the Commissioner argues that while the ALJ did not weigh Dr. Gzaskow's opinion, two other non-examining state agency doctors did weigh Dr. Gzaskow's opinion, giving it only partial weight. *Doc. 22* at 7-8 (citing AR at 54, 69). Those opinions, the Commissioner argues, are supported by the record (*Doc. 22* at 8-10), and the ALJ found them to be consistent with a determination of non-disability. *Doc. 22 at 8* (citing AR at 18-19). But, even if the ALJ properly evaluated the opinions of the state doctors, she did not evaluate and weigh Dr. Gzaskow's opinion. "The ALJ's recitation of some other evidence does not cure this defect." *Miller v. Barnhart*, 43 F. App'x 200, 203 (10th Cir. 2002). Further, because the ALJ provided no analysis regarding Dr. Gzaskow's opinion, it is not clear if she intended to afford it the same weight as the state agency doctors did. And this Court is "not in a position to draw factual conclusions on behalf of the ALJ" who does not provide an explanation for rejecting medical evidence. *Drapeau*, 255 F.3d at 1214.

The Commissioner also cites *Zumwalt v. Astrue*, 220 F. App'x 770 (10th Cir. 2007), arguing that any "deficiency with regard to the ALJ's evaluation of Dr. Gzaskow's opinion . . . does not affect the outcome." *Doc. 22* at 10. In *Zumwalt*, the plaintiff argued that the ALJ erred by not making explicit findings explaining why her treating physician's opinion was not entitled to controlling weight. *Id.* at 778. However, the court found this

8

was not a reversible issue, in part, because the ALJ summarized the treating physician's opinion then immediately discussed conflicting and contrary evidence, implying what weight the ALJ assigned to the opinion. *Id.* at 779-80. The same cannot be said in this case. While the ALJ did summarize Dr. Gzaskow's opinion, that discussion was only followed by summaries of additional medical evidence. AR at 16-17. There are no subsequent discussions that allow the Court to determine how the ALJ weighed Dr. Gzaskow's opinion.

Finally, the ALJ's failure to weigh Dr. Gzaskow's opinion is not a harmless error, because the RFC does not account for parts of Dr. Gzaskow's opinion. *See Mays v. Colvin*, 739 F.3d 569, 578-79 (10th Cir. 2014) ("[A]n ALJ's failure to weigh a medical opinion involves harmless error if there is no inconsistency between the opinion and the ALJ's assessment of residual functional capacity." (citation omitted)). According to her RFC, Plaintiff "is able to maintain, understand and remember simple work instructions with occasional changes in work setting, but limited to occasional interactions with the public and co-workers." AR at 15. While the RFC limits Plaintiff to simple instructions, it does not address Dr. Gzaskow's opinion that Plaintiff needs directions in a structured/ supportive environment. *See* AR at 15, 373. Further, while the RFC limits Plaintiff to occasional interactions with the public and co-workers, it does not address interactions with supervisors. Dr. Gzaskow, on the other hand, opined that Plaintiff "has a difficult time relating to others," which is not limited to just the public and co-workers. *See* AR at 15, 373.

The Commissioner offers *post hoc* explanations to show that the RFC is consistent with other evidence in the record. *See Doc. 22* at 10-13. But those

explanations were not supplied by the ALJ as her reasoning for rejecting Dr. Gzaskow's opinion, and the Court will not consider reasons given after the ALJ's decision. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). Rather, the Court must look at the ALJ's explanation for rejecting Dr. Gzaskow's opinion, which the ALJ did not provide.

### V.  Conclusion

The Court finds that this case should be remanded to the ALJ with instructions to: (1) consider Dr. Gzaskow's opinion and either incorporate it into Plaintiff's RFC or explain why it is not; and (2) make explicit findings, sufficient for review, regarding the weight assigned to Dr. Gzaskow's opinion and the reasons for that weight.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum (*Doc. 20*) is **granted**. The Court will enter a final order pursuant to Rule 58 of the Federal Rules of Civil Procedure remanding this matter for further proceedings as set forth in this Opinion.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent